## *In re* COYNE.

### *(City Court of New York, Special Term.* June 26, 1890.)

EXECUTION AGAINST THE PERSON—LIMIT OF IMPRISONMENT.

Code Civil Proc. N. Y. § 111, which limits the time of imprisonment on an execution in a civil case to six months where the judgment is for $500 or over, relates only to imprisonment on final process, and not to orders of arrest issued before judgment; and one imprisoned on both mesne and final process for a period exceeding six months is not entitled to be released where his imprisonment on final process has been for less than that time.

Action by the Metropolitan Manufacturing Company, a Connecticut corporation, against John P. Coyne, for goods intrusted to defendant, and for which he did not account. On November 15, 1889, plaintiff obtained an order for defendant's arrest, and he has been in custody ever since that time. On the trial, which was had December 12, 1889, plaintiff recovered a judgment for $987. An execution against defendant's person was issued February 19, 1890, and was returned February 25th, indorsed, "Defendant in custody." Defendant now moves for his discharge under Code Civil Proc. N. Y. § 111, which provides that no person shall be imprisoned for a longer period than six months under an execution against the person to enforce a judgment for $500 or over.

*H. Warren Love*, for petitioner. · *A. H. Berrick*, for Metropolitan Manufacturing Company.

FITZSIMONS, J. Motion to discharge denied. In *Warshauer* v. *Webb*, 10 Civil Proc. R. 169, the learned chief justice of this court held that the time limiting the period that a debtor may be imprisoned on civil process relates to those on final process, and not those held on orders of arrest. The defendant herein is held under final process issued February 19, 1890. His term of imprisonment expires six months from that day.